UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Angel L. Montero</u>,

  v.            Civil No. 10-cv-085-JL

<u>Michael J. Astrue, Commissioner,</u>
<u>Social Security Administration</u>

**REPORT AND RECOMMENDATION**

  Invoking 42 U.S.C. §§ 405(g) and 1383(c)(3), claimant, Angel Montero, moves to reverse the Commissioner's decision denying his application for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423, and Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383c.  The Commissioner objects and moves for an order affirming his decision.

  Pursuant to this court's Administrative Order 10-2 (document no. 6), the matter is before me for a report and recommendation.  For the reasons set forth below, I recommend that it be remanded to the Administrative Law Judge ("ALJ") for further consideration.

**Factual Background**

I.   Procedural History.

On April 27, 2007, claimant filed an application for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Act, alleging that he had been unable to work since January of 2007, due to pain in his shoulders and back, pain and weakness in his left arm, elbow and finger numbness, and plantar fasciitis.  His application was denied both initially and by a reviewing federal official.  Accordingly, claimant requested a hearing before an ALJ.

On October 5, 2009, claimant, his attorney, and an impartial vocational expert appeared before an ALJ, who considered claimant's application de novo.  Later that month, the ALJ issued her written decision, concluding that claimant retained the residual functional capacity to perform the physical and mental demands of light work, subject to several limitations.  Accordingly, the ALJ concluded that claimant was not disabled, as that term is defined in the Act, at any time prior to the date of her decision.

Claimant then sought review by the Decision Review Board, which affirmed the ALJ's adverse disability determination.  Accordingly, the ALJ's denial of claimant's application for benefits became the final decision of the Commissioner, subject

to judicial review.  Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision is not supported by substantial evidence and seeking a judicial determination that he is disabled within the meaning of the Act or, in the alternative, seeking a remand for further administrative review. Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 11).  In response, the Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 12).  Those motions are pending.

II.  <u>Stipulated Facts</u>.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 13), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.  <u>Properly Supported Findings by the ALJ are Entitled to Deference</u>.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing." See also 42 U.S.C. § 1383(c)(3). Factual findings of the Commissioner are conclusive if supported by substantial evidence.[1] See 42 U.S.C. § 405(g); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position. See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."). See also Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981)("We must uphold the [Commissioner's] findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence.  See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984) (citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)).  It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts."  Irlanda Ortiz, 955 F.2d at 769 (citation omitted).  Accordingly, the court will give deference to the ALJ's credibility determinations, particularly when those determinations are supported by specific findings.  See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health & Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II. The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  See also 42 U.S.C. § 1382c(a)(3).  The Act

places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove that his impairment prevents him from performing his former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, the claimant is not required to establish a doubt-free claim. The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

If the claimant demonstrates an inability to perform his previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that he can perform. See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982). See also 20 C.F.R. §§ 404.1512(g) and 416.912(g). If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant. See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6. When determining whether a claimant is disabled, the ALJ is also required to make the following five inquiries:

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant has a severe impairment;
>
> (3) whether the impairment meets or equals a listed impairment;
>
> (4) whether the impairment prevents the claimant from performing past relevant work; and
>
> (5) whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520. See also 20 C.F.R. § 416.920. Ultimately, a claimant is disabled only if his:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or

7

>     whether a specific job vacancy exists for him, or
>     whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, I review claimant's motion to reverse and the Commissioner's motion to affirm his decision.

**Discussion**

I.  Background - The ALJ's Findings.

In concluding that Mr. Montero was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920.  Accordingly, she first determined that claimant had not been engaged in substantial gainful employment since his alleged onset of disability: January 9, 2007.  Next, she concluded that claimant suffers from "bilateral shoulder impingement status post bilateral decompression and SLAP repair on the right and degenerative disc disease of the lumbar spine." Administrative Record ("Admin. Rec.") at 58.  Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1.  Admin. Rec. at 58.  Claimant does not challenge any of those findings.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of light work.[2] She noted, however, that claimant's RFC was limited by the following: claimant "can only occasionally climb stairs or ramps, can only occasionally stoop, balance, kneel or crouch and cannot crawl, cannot climb ladders, ropes or scaffolds, can only occasionally reach overhead but can frequently reach other than overhead." Admin. Rec. at 58. She also concluded that "claimant must avoid concentrated exposure to hazards and is limited to job tasks that do not require reading or following written instructions." Id. In light of those restrictions, the ALJ concluded that claimant was not capable of performing his past relevant work as either a forklift driver or construction laborer (both of which are generally performed at the "medium" exertional level). Id. at 60-61.

---

[2] "RFC is what an individual can still do despite his or her functional limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform. Relying upon the testimony of a vocational expert, the ALJ concluded that, notwithstanding claimant's exertional and non-exertional limitations, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Admin. Rec. at 61. Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, through the date of her decision.

Claimant challenges the ALJ's adverse disability determination on two grounds. First, he says the ALJ's credibility finding was not supported by substantial evidence. Next, he asserts that the ALJ did not adequately support her decision to discount the medical opinions of Dr. Sunil John and Dr. Barbara O'Dea.

II. Claimant's Credibility and Subjective Complaints of Pain.

After reviewing the record and observing claimant's demeanor and manner at the hearing, the ALJ concluded that "claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with [the ALJ's determination of his] residual

functional capacity."  Admin. Rec. at 59.  Claimant challenges that conclusion, saying:

> [T]he ALJ's credibility determination in this case is not supported by substantial evidence.  The record was replete with detailed, objective physical therapy evaluations that Mr. Montero had demonstrable left sided spine symptoms, radiculopathy and loss of sensation in his left lower extremity.  These symptoms verified and substantiated his subjective statements of pain and support the assessment of the physical ability to do work related activities provided by Dr. O'Dea."

Claimant's memorandum (document no. 11-1) at 8.

When determining a claimant's RFC, the ALJ must review the medical evidence regarding the claimant's physical limitations as well as his own description of those physical limitations, including his subjective complaints of pain.  See, e.g., Manso-Pizarro v. Secretary of Health & Human Services, 76 F.3d 15, 17 (1st Cir. 1996).  When, as in this case, the claimant has demonstrated that he suffers from impairments that could reasonably be expected to produce the pain or side effects he alleges, the ALJ must then evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which those symptoms limit his ability to do basic work activities.  See SSR 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (July 2, 1996).  Relevant factors for the ALJ to consider

include the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type dosage, effectiveness, and side effects of any medication the claimant takes (or has taken) to alleviate pain or other symptoms; and any measures other than medication that the claimant receives (or has received) for relief of pain or other symptoms. Id. See also Avery, 797 F.2d at 23; 20 C.F.R. § 404.1529(c)(3).

Here, in reaching the conclusion that claimant's testimony concerning the disabling nature of his impairments was not entirely credible, the ALJ pointed to the following:

> [O]bjective MRI evidence demonstrated only mild right nerve root impingement at L5-S1 of the lumbar spine. In addition, physical examination revealed findings of full strength, only mild limitation of motion in the lumbar spine, and essentially normal sensation and reflexes in the lower extremities. Furthermore, it was noted that the origin of the claimant's back pain dated back to a 2003 workplace injury after which, following a period of recuperation, the claimant performed medium to heavy work for several years. Although [the] July 2008 MRI demonstrated an altered signal consistent with disc space dessication, disc protrusion at L5-S1 only slightly effaced the thecal sac. The pattern of back and left lower extremity pain described by the claimant is not consistent with and does not correlate to the objective MRI findings.

Admin. Rec. at 60. The ALJ also noted that claimant does not show signs of muscle wasting or atrophy. Thus, in concluding

that claimant was overstating the intensity and disabling nature of his pain, the ALJ focused largely on the results of claimant's MRI's and the lack of substantial muscle atrophy.  Importantly, however, she failed to discuss the remaining factors relevant to this sort of inquiry.

For example, there is no mention in the ALJ's decision of the type, dosage, and relative effectiveness (or ineffectiveness) of the numerous pain medications that claimant has taken over the years.  Nor is there any reference to the fact that he has undergone several steroid injections in an effort to alleviate his (alleged) pain, or that he apparently sleeps on an air mattress for the same reason, or that he has participated in, but did not obtain relief from, physical therapy.

Additionally, although activities of daily living are among the factors that should be considered when assessing a claimant's credibility, the ALJ made only a passing reference to them, noting simply that "the state agency medical consultant noted that the claimant's activities of daily living included living with friends, reading, watching television, cooking, driving shopping and doing household chores."  Admin. Rec. at 60.  But, closer inspection of claimant's statement of his activities of daily living, as reported in May of 2007, suggests that his pain substantially interfered with his ability to perform most, if not

all, of those activities.  Admin. Rec. at 218-25.  And, because his back condition is degenerative, his most recent account of his daily activities (if credited as true) suggests that he has become even more severely limited in his ability to perform routine tasks.  For example, in September of 2009, after taking claimant's history, Dr. O'Dea reported the following:

> He lives in a friend's home.  He does no cooking or cleaning.  His friend leaves food for lunch.  He feels unable to do his own shopping.  He spends the day laying on [a] sofa watching TV.  He sleeps no more than 1-2 hours at a time at night.  He has one hour naps 2-3 times a day.  His medications make him tired.  He feels he is unable to sit in a chair for more than 20 minutes.  He feels he can walk no more than about 20 feet, or stand more than 10 minutes.  He does minimal reading.  He feels his vision is blurry with reading.  He uses a chair or milk crate in the shower.

Admin. Rec. at 768.

In light of the foregoing, I cannot conclude that the ALJ's credibility determination is supported by substantial evidence. A more complete discussion of the relevant factors identified above was necessary, as was a more thorough explanation for why she believed that claimant's activities of daily living undermined the credibility of his complaints of disabling pain.

III. <u>Examining Physicians' Opinions</u>.

In discussing the weight that will be ascribed to the opinions of "treating sources," the pertinent regulations provide:

> Generally, we give more weight to opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) . . . .  When we do not give the treating source's opinion controlling weight, we apply the factors listed [in this section] in determining the weight to give the opinion.  We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.

20 C.F.R. § 404.1527(d)(2).  <u>See also</u> Social Security Ruling, <u>Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions</u>, SSR 96-2p, 1996 WL 374188 (July 2, 1996) (when the ALJ renders an adverse disability decision, his or her notice of decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight").

A.   Dr. Sunil John, M.D.

Dr. John is one of claimant's treating physicians.  His opinions are, then, entitled to substantial deference, provided they are adequately supported by objective evidence in the medical record.  Nevertheless, the ALJ concluded Dr. John's opinions concerning the intensity and disabling nature of claimant's pain were not entitled to significant weight because they were not consistent with the medical record.  As the ALJ correctly noted, Dr. John never specifically opined that claimant was "disabled," as that term is used in the Act.  In April of 2007, for example, Dr. John simply stated that he believed claimant was "temporarily" unable to work.  Admin. Rec. at 60.

Plainly, however, Dr. John believed that claimant's pain precluded him from performing the tasks necessary to hold steady employment.  Each time he expressed an opinion on the matter, he stated, without equivocation, that he believed Mr. Montero's pain precluded him from working.  See Amin. Rec. at 602 ("The above patient has severe bilateral shoulder pain that did not get better with surgery.  As a result he is not in a position to work and earn a living.  Please assist him with the finances to pay for his pain medications and food stamps.").  See also Id. at 239, 600.

Of course, a physician's opinion that a claimant is "disabled" is not considered a "medical opinion" and, therefore, it is not entitled to the deference typically afforded to a treating physician's opinion. See 20 C.F.R. §§ 404.1527(e)(1), 417.927(e)(1). Nevertheless, it is evidence that ought to be considered, particularly since Dr. John was (apparently) never asked to complete a Medical Source Statement of Ability to do Work-Related Activities (Physical) - something the ALJ might, if she deems it appropriate, request on remand.

### B. Dr. Barbara O'Dea.

In September of 2009, at the request of claimant's attorney, Dr. Barbara O'Dea evaluated claimant. Although Dr. O'Dea could not provide the "longitudinal picture" of claimant's treatment history from personal knowledge, see 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), she did review his medical records in substantial detail, take a history from claimant, subject him to several diagnostic tests, and perform a physical examination. She is, then, an "examining medical source" and, for that reason, her opinions are entitled to deference. 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1).

17

Dr. O'Dea's conclusions are well-documented in her exhaustive report, as well as her Medical Source Statement of Ability to do Work-Related Activities. Admin. Rec. at 764-79. And, perhaps more importantly, those conclusions are entirely consistent with claimant's well-established (and undisputed) impairments, as well as the results of his diagnostic imaging. Consequently, the ALJ should have provided at least some discussion of her reasons for dismissing Dr. O'Dea's comprehensive and thorough report, beyond simply stating that "it is not consistent with the objective medical evidence of record." Admin. Rec. at 60.

**Conclusion**

There is no suggestion in the record that claimant is malingering or that he has exhibited any drug seeking behavior. Nor does anyone deny that his pain is both real and substantial. The question, quite simply, is whether his impairments (and the pain they cause) are so substantial as to be disabling.

Given the particular facts of this case, I conclude that the Administrative Law Judge was obligated to provide a more detailed explanation for her decision to discount claimant's credibility and to reject the opinions of Dr. John and Dr. O'Dea. While the ALJ has a great deal of discretion in this area, she must give at

18

least a brief and sufficient explanation for why she chose to exercise that discretion in a particular manner.  Here, the ALJ's reasons for rejecting the opinions of Mr. Montero's treating and examining physicians, as well as those given for discounting his subjective complaints of pain, are not sufficiently detailed to permit meaningful appellate review.

    Having carefully reviewed the administrative record, as well as the arguments advanced by both the Commissioner and claimant, I conclude that the ALJ's adverse disability decision is not adequately supported by the record.  Accordingly, it is appropriate to remand this matter to the ALJ, so she might consider (to the extent she might not have already) the factors identified above and so she might have an opportunity to better articulate the reasons for her decision.  And, because claimant's condition appears to be degenerative (and since his insured status has not yet lapsed), it is, perhaps, appropriate to focus particular attention on his most recent medical reports.  The degenerative nature of claimant's impairments is especially relevant in this case because the non-examining state agency medical consultant's report (on which the ALJ relied heavily) was completed more than two years before the report prepared by Dr. O'Dea.  That is, the state agency consultant's report was

prepared when claimant's pain and other symptoms were less pronounced.

For the foregoing reasons, I find that the ALJ's decision is not supported by substantial evidence.  Accordingly, I recommend that, pursuant to sentence four of 42 U.S.C. § 405(g), claimant's motion to reverse the decision of the Commissioner (document no. 11) be granted to the extent he seeks a remand to the ALJ for further proceedings, and that the Commissioner's motion to affirm his decision (document no. 12) be denied.

Any objections to this report and recommendation must be filed within fourteen (14) of receiving it.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object within the specified time will bar appellate review.  See, e.g., Rodriguez-Mateo v. Fuentes-Agostini, 66 Fed. App'x 212, 213 n.3 (1st Cir. 2003); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983).

_____
Landya B. McCafferty
United States Magistrate Judge

November 18, 2010

cc:   Stephen C. Buckley, Esq.
      Robert J. Rabuck, Esq.